### HOYLE v. DOPSLAUF et al.

### No. 12481.

Court of Civil Appeals of Texas. Galveston.

March 5, 1953.

Rehearing Denied March 26, 1953.

Williams, Lee & Kennerly, Eugene N. Catlett and James C. Boone, all of Houston, for appellant.

Baker, Botts, Andrews & Parish and Wm. R. Choate, Houston, for appellees, Louis and Bozena Dopslauf.

Fountain, Cox & Gaines and Joyce Cox, Houston, for appellees Stanolind Oil & Gas Co. and Amerada Petroleum Corp

GRAVES, Justice.

Appellant Hoyle filed this suit against Appellees, Louis Dopslauf and wife—joining with them their lessees, the two oil companies, the Amerada and the Stanolind—seeking to reform a 5-year term royalty deed executed by such Dopslaufs to Hoyle, dated June 15th of 1936;

This further statement is adopted, after some editing, from the brief of appellees herein: "* * * and also sought to recover a royalty interest in 337 acres of land, in addition to the 40 acres specifically described in said deed. Both the Plaintiff, R. A. Hoyle, and the Defendants, Louis Dopslauf and wife, filed motions for summary judgment, alleging that there were no fact issues to be decided * * *.

"Pursuant to said motions, the Trial Court entered judgment, granting the Plaintiff's motion in part and overruling it in part, and granting the Defendants' motion; holding that the deed from the Dopslaufs to Hoyle vested Hoyle with ½ of the royalty under the 40-acre tract specifically described in said deed, that such royalty interest had terminated, due to the fact that there was no production in paying

quantities from said 40 acre tract at the end of the five year term, and that Hoyle was not entitled to reform the deed."

The map, which is considered as aiding in the consideration of the appeal, is likewise taken from the Appellees' brief, and is made a part of this opinion, as Exhibit "A".

the 40 acre tract, described in the Hoyle deed, nor over its further holding in that particular that Hoyle was not entitled to reform the deed to him, since—on his appeal herein—he makes no attack upon that holding.

Wherefore, appellant thus states his remaining three points of error:

Exhibit A

In this Court, the parties do not differ over the recited holding of the trial court that the deed from the Dopslaufs to Hoyle vested him with ½ of the royalty under

"Point 2. The lease on the Francis Fry one hundred (100) acres was unitized by the agreement dated January 14th, 1936, with the adjoining

Louis Dopslauf one hundred (100) acres, and the Louis Dopslauf one hundred seventy-seven (177) acres, known respectively as the "B" Lease and the "C" Lease, and the Trial Court erred in refusing to grant Appellant's motion for summary judgment for one-sixteenth (1/16) of the royalty to be paid under the terms of said leases as unitized.

"Point 3. The motion of the Appellant for summary judgment in the Trial Court for an undivided one-half (1/2) of the royalty under the 40-acre tract described in the deed to Hoyle, so long as oil and gas is produced under the lease upon such property, should have been granted.

"Point 4. There was a fact issue to be submitted to the jury as to whether there was a mere temporary cessation of production which would not terminate the grant to Appellant on the forty (40) acre tract, and the Trial Court erred in granting Appellee's motion for summary judgment."

He, likewise, presents this map of the ground involved, in aid of his contentions, which is hereto attached and made a part hereof, as Exhibit "B".

Exhibit B

It will be noted from the appellant's map that he grounds his whole cause upon his contention that all three of the appellees' leases—A, B and C—to him had been unitized; whereas, the appellees' answering brief, and their map of the ground, so attached as Exhibit "A" hereto, reflect that no unitization of the leases had ever been made, and that the trial court so found; hence they answer appellant's quoted points with these two counter-points only:

### "First Counterpoint

"The Trial Court correctly held that the Dopslauf A, B and C leases were never unitized, and that the deed from the Dopslaufs to Hoyle was effective to vest him with ½ of the royalty under the 40 acre tract specifically described therein for a term of five years and as long thereafter as there was production therefrom in paying quantities, and in holding that such royalty interest had terminated due to the fact that there was no production in paying quantities from said land at the end of said five year term.

### "Second Counterpoint

"All of the facts with reference to the cessation of production from the Dopslauf "A" lease were stipulated, and the Trial Court correctly held that whether such cessation of production constituted a mere temporary cessation which would not terminate Appellant's royalty interest, or whether same constituted such a cessation as would terminate such interest, presented a question of law to be determined by the Court and not a question of fact to be determined by a jury."

This Court concludes that the trial court correctly determined the controversy, and that the Appellees' copied map and answers in reply to Appellant's presentments so show. They, further, in support of their answering positions, cite these, among other, authorities: Garcia v. King, 139 Tex. 578, 164 S.W.2d 509; Hoffman v. Magnolia Petroleum Co., Tex.Com.App., 273 S.W. 828; Kokernot v. Caldwell, Tex.Civ.App., 231 S.W.2d 528, writ of error refused; Scarborough v. New Domain Oil & Gas

Co., Tex.Civ.App., 276 S.W. 331; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566; Watson v. Rochmill, 137 Tex. 565, 155 S.W. 2d 783, 137 A.L.R. 1032; Wilson v. Holm, 164 Kan. 229, 188 P.2d 899; 31-A Tex.Jur., Sec. 160.

As indicated, the trial court found that the claimed royalty interests of appellant under his deed from the appellees, to the 40-acre tract in the A lease had entirely terminated, in consequence of the fact that there had been no production in paying quantities from such 40-acre tract at the end of the first 5-year term of the lease thereon; hence, that appellant had not been entitled to reform the deed from appellees to him. This Court does not understand that appellant attacks that holding here.

As the appellees urge in their quoted counter-points, appellant's whole cause appears to rest upon his contention that certain other (ad interim) transactions between the parties to such leases, and their two amendments to them, which they had executed on the same day, back on January 14, 1936, had resulted in unitizing all three of such leases—A, B and C—between them, into only one lease, which unitization transaction conferred upon appellant the rights asserted upon his three points, on this appeal.

It seems clear to this Court, from an inspection of such amendments to the leases, both of which, as stated, had been executed on the same day, January 14, 1936, shows his contention that they constituted a unitization, is unsound.

Furthermore, the trial court properly so found.

The deed from appellees to appellant is also copied and attached hereto as Exhibit "C".

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.

Exhibit "C"

"The State of Texas |
"County of Harris |

"Know All Men by These Presents: That we, Louis Dopslauf and Bozena

Dopslauf, husband and wife, Residents of Harris County, Texas, for the consideration of Ten Dollars cash, and other good and valuable considerations, to us this day paid and passing by R. A. Hoyle, resident of Houston, Texas, the receipt of which by us is hereby acknowledged have granted, sold, conveyed, assigned and delivered, and by these presents do grant, sell, convey, assign and deliver to the said R. A. Hoyle, an undivided one-half (½) of one-eighth (⅛), or one-sixteenth (1/16) interest in and to all of the oil royalty, gas royalty and royalty in casinghead gas, gasoline, and royalty in other minerals in and under, and that may be produced and mined, from the following described lands and premises, lying and being situated in Harris County, Texas, to wit:

"Forty (40) acres off the north end of our one hundred (100) acre tract of land, in the F. Fry Survey in Harris County, Texas. This grant shall run, and the rights, titles and privileges hereby granted shall extend to the grantee herein, and to his heirs, administrators, executors and assigns, for a period of five (5) years from and after the date hereof, and as long thereafter as oil, gas or other minerals or either of them, is produced or mined from the land and premises, being the above mentioned forty acres, in paying or commercial quantities, but, not thereafter.

"If, at the expiration of said five (5) years from date hereof, oil, gas or other minerals, or either of them, is not being produced or mined from said above described forty acre tract in paying or commercial quantities, this contract and grant shall be null and void and the rights of the grantee herein, his heirs, executors, administrators and assigns, shall then terminate, and same shall thereupon revert to us, our heirs, executors, administrators or assigns. Said above mentioned forty acre tract is now under oil and gas lease given by us, dated April 18th, 1934, to W. B. Hamilton on our said 100 acre tract in said F. Fry Survey, of which the above mentioned forty acre tract is a part, and it is understood and agreed that this sale is made subject to all the terms and provisions of said lease, but, covers and includes one-sixteenth (1/16) of all the oil royalty, gas royalty, casinghead gas, gasoline royalty and royalty from other minerals or products, to be paid under the terms of said lease, but, does not include any bonus or rental or any part thereof, to be paid thereunder, and payment of such royalties, and each of them, shall be governed by, and be subject to, the terms of such lease, and is in nowise changing or enlarging the terms thereof * * *

" * * * To Have and to Hold the above described property and rights, unto the said R. A. Hoyle, his heirs, executors and administrators and assigns for the period above mentioned. And we do hereby bind ourselves, our heirs, executors, and administrators, to warrant and forever defend, all and singular, the said property and rights unto the said R. A. Hoyle, his heirs, executors, administrators and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof, during all the period aforesaid.

"Witness Our Hands, at Houston, Texas, this 15th day of June, 1936.

"Louis Dopslauf
"Bozena Dopslauf"